Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

JACQUELINE ARBOLEDA, *individually and on behalf of others similarly situated,*

                               *Plaintiff,*

                    -against-                   **COMPLAINT**

TRANS-FAST REMITTANCE LLC (d/b/a TRANS FAST REMITTANCE LLC), GCP (JPM) INVESTMENTS, LLC (d/b/a GCP CAPITAL PARTNERS), GCP CAPITAL PARTNERS HOLDINGS LLC (d/b/a GCP CAPITAL PARTNERS), GCP CAPITAL PARTNERS LLC (d/b/a GCP CAPITAL PARTNERS LLC), JOSEPH TUMBARELLO, SAMISH KUMAR, PATRICIA BENNIS, THERESE GAMBOA and ROBERT NIEHAUS,

    **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

    **ECF Case**

                               *Defendants.*

---------------------------------------------------------X

       Plaintiff Jacqueline Arboleda ("Plaintiff Arboleda" or "Ms. Arboleda"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants Trans-Fast Remittance LLC (d/b/a Trans Fast Remittance LLC), GCP (JPM) Investments LLC (d/b/a GCP Capital Partners), GCP Capital Partners Holdings LLC, GCP Capital Partners LLC ("Defendant Corporations"), Joseph Tumbarello, Samish Kumar, Patricia Bennis, Therese Gamboa and Robert Niehaus, (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

    1.    Plaintiff Arboleda is a former employee of Defendants Trans-Fast Remittance LLC (D/B/A Trans Fast Remittance LLC), GCP (JPM) Investments, LLC (d/b/a GCP Capital Partners), GCP Capital Partners Holdings LLC (d/b/a GCP Capital Partners), GCP Capital

Partners LLC (d/b/a GCP Capital Partners), Joseph Tumbarello, Samish Kumar, Patricia Bennis, Therese Gamboa and Robert Niehaus.

2.      Trans Fast Remittance LLC is a money transfer and payment services company owned by GCP (JPM) Investments, LLC (d/b/a GCP Capital Partners), GCP Capital Partners Holdings LLC (d/b/a GCP Capital Partners), GCP Capital Partners LLC (d/b/a GCP Capital Partners), Joseph Tumbarello, Samish Kumar, Patricia Bennis, Therese Gamboa and Robert Niehaus formerly located at 110 Wall Street New York, New York and currently located at 44 Wall St, New York, NY 10005.

3.      Upon information and belief, individual Defendants Joseph Tumbarello, Samish Kumar, Patricia Bennis, Therese Gamboa and Robert Niehaus serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate Trans-Fast Remittance LLC.

4.      Plaintiff Arboleda is a former employee of Defendants.

5.      Plaintiff Arboleda was employed as a sales service support worker.

6.      At all times relevant to this Complaint, Plaintiff Arboleda worked for Defendants in excess of 40 hours per week, without receiving the appropriate compensation for the hours over 40 per week that she worked.

7.      Defendants failed to maintain accurate recordkeeping of her hours worked, failed to pay Plaintiff Arboleda appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Arboleda the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiff Arboleda to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Arboleda and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

11. Plaintiff Arboleda now brings this action on behalf of herself, and other similarly situated individuals, for overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Arboleda seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Arboleda's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Arboleda was employed by Defendants in this district.

## PARTIES

3

*Plaintiff*

15. Plaintiff Jacqueline Arboleda ("Plaintiff Arboleda") is an adult individual residing in Queens County, New York.

16. Plaintiff Arboleda was employed by Defendants from approximately March 1, 2000 until on or about November 18, 2016.

17. Plaintiff Arboleda consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants own, operate, and/or control a money transfer and payment services company formerly located at 110 Wall Street New York, New York, and currently located at 44 Wall St, New York, NY 10005 under the name of Trans-Fast Remittance LLC.

19. Upon information and belief, Trans-Fast Remittance LLC. ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business and its corporate headquarters at 44 Wall Street 4th Floor, New York, New York 10005.

20. Upon information and belief, GCP (JPM) Investments LLC ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business and its corporate headquarters at 600 Lexington Avenue 31st floor, New York, New York, 10022.

21. Upon information and belief, GCP Capital Partners Holdings LLC ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business and its corporate headquarters at 600 Lexington Avenue 31st Floor, New York, New York, 10022.

22. Upon information and belief, GCP Capital Partners LLC ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business and its corporate headquarters at 600 Lexington Avenue 31st Floor, New York, New York, 10022.

23. Defendant Joseph Tumbarello is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Joseph Tumbarello is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

24. Defendant Joseph Tumbarello possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

25. Defendant Joseph Tumbarello determined the wages and compensation of the employees of Defendants, including Plaintiff Arboleda, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26. Defendant Samish Kumar is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Samish Kumar is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

27. Defendant Samish Kumar possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

28. Defendant Samish Kumar determined the wages and compensation of the employees of Defendants, including Plaintiff Arboleda, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

29. Defendant Patricia Bennis is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Patricia Bennis is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

30. Defendant Patricia Bennis possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

31. Defendant Patricia Bennis determined the wages and compensation of the employees of Defendants, including Plaintiff Arboleda, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

32. Defendant Therese Gamboa is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Therese Gamboa is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

33. Defendant Therese Gamboa possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

34. Defendant Therese Gamboa determined the wages and compensation of the employees of Defendants, including Plaintiff Arboleda, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

35. Defendant Robert Niehaus is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Robert Niehaus is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

36. Defendant Robert Niehaus possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

37. Defendant Robert Niehaus determined the wages and compensation of the employees of Defendants, including Plaintiff Arboleda, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

38. Defendants operate a money transfer and payment Services Company formerly located at 110 Wall Street New York, New York and currently located at 44 Wall Street 4th Floor, New York, New York 10005, under the name "Trans-Fast Remittance LLC".

39. Individual Defendants Joseph Tumbarello, Samish Kumar, Patricia Bennis, Therese Gamboa and Robert Niehaus, possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

40. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

41. Each Defendant possessed substantial control over Plaintiff Arboleda's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Arboleda, and all similarly situated individuals, referred to herein.

42. Defendants jointly employed Plaintiff Arboleda, and all similarly situated individuals, and are Plaintiff Arboleda's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

43. In the alternative, Defendants constitute a single employer of Plaintiff Arboleda and/or similarly situated individuals.

44. Upon information and belief, individual defendants Joseph Tumbarello, Samish Kumar, Patricia Bennis, Therese Gamboa and Robert Niehaus, operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b) defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations or closely controlled entities;

(f) intermingling assets and debts of their own with those of Defendant Corporations;

(g) diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

45. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

46.     Defendants had the power to hire and fire Plaintiff Arboleda, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Arboleda's services.

47.     In each year from 2012 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

48.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, many money transactions and payment services done through the company, were sent outside of the State of New York.

*Individual Plaintiff*

49.     Plaintiff Arboleda is a former employee of Defendants, employed in performing the duties of a sales service support person.

50.     Plaintiff Arboleda seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jacqueline Arboleda*

51.     Plaintiff Arboleda was employed by Defendants from approximately March 1, 2000 until on or about November 18, 2016.

52.     At all relevant times, Plaintiff Arboleda was employed by Defendants as a sales service support person.

53.     Plaintiff Arboleda regularly handled goods in interstate commerce, outside of the State of New York.

54.     Plaintiff Arboleda's work duties required neither discretion nor independent judgment.

55. Throughout her employment with Defendants, Plaintiff Arboleda regularly worked in excess of 40 hours per week.

56. From approximately January 2012 until on or about December 31, 2012, Plaintiff Arboleda worked from approximately 9:00 a.m. until on or about 6:30 p.m. Mondays and Tuesdays and from approximately 9:00 a.m. until on or about 7:30 p.m. Wednesdays, Thursdays and Fridays, at the TransFast Remittance 110 Wall Street location, (typically 50.5 hours per week).

57. For approximately two weeks during this period, from approximately October 31, 2012 until on or about November 16, 2012, Plaintiff Arboleda worked from approximately 8:30 a.m. until on or about 7:00 p.m. Mondays through Fridays, at her home (typically 52.5 hours per week).

58. From approximately January 2013 until on or about December 2013, Plaintiff Arboleda worked from approximately 9:00 a.m. until on or about 7:00 p.m. Mondays and Tuesdays, from approximately 9:00 a.m. until on or about 7:30 p.m. Wednesdays and Thursdays and from approximately 9:00 a.m. until on or about 8:00 p.m. on Fridays, at the TransFast Remittance 44 Wall Street location, (typically 52 hours per week).

59. From approximately January 2014 until on or about December 2014, Plaintiff Arboleda worked from approximately 9:00 a.m. until on or about 7:30 p.m. Mondays and Tuesdays, from approximately 9:00 a.m. until on or about 8:00 p.m. Wednesdays, Thursdays and Fridays, and from approximately 9:00 a.m. until on or about 10:00 a.m. Saturdays and Sundays, at the TransFast Remittance 44 Wall Street location on weekdays and at her home on weekends (typically 56 hours per week).

60. From approximately January 2015 until on or about December 2015, Plaintiff Arboleda worked from approximately 9:00 a.m. until on or about 7:30 p.m. Mondays and Tuesdays, from approximately 9:00 a.m. until on or about 8:00 p.m. Wednesdays, Thursdays and

Fridays, and from approximately 9:00 a.m. until on or about 10:00 a.m. Saturdays and Sundays, at TransFast Remittance 44 Wall Street location on weekdays and at her home on weekends (typically 56 hours per week).

61. For approximately one month during this period, from approximately July 1, 2015 until on or about July 31, 2015, Plaintiff Arboleda worked from approximately 7:30 a.m. until on or about 7:30 p.m. Mondays through Fridays, and from approximately 9:00 a.m. until on or about 10:00 a.m. Saturdays and Sundays, at TransFast Remittance 44 Wall Street location on weekdays and at her home on weekends (typically 62 hours per week).

62. From approximately January 2016 until on or about November 18, 2016, Plaintiff Arboleda worked from approximately 9:30 a.m. until on or about 8:00 p.m. Mondays and Tuesdays, from approximately 9:30 a.m. until on or about 8:30 p.m. Wednesdays, Thursdays and Fridays, and from approximately 9:00 a.m. until on or about 10:00 a.m. Saturdays and Sundays, at TransFast Remittance 44 Wall Street location on weekdays and at her home on weekends, (typically 56 hours per week).

63. Throughout her employment with Defendants, Plaintiff Arboleda was paid her wages by check.

64. From approximately January 2012 until on or about December 2015, Defendants paid Plaintiff Arboleda $20.33 per hour.

65. From approximately January 2016 until on or about November 2016, Defendants paid Plaintiff Arboleda $24.04 per hour.

66. Plaintiff Arboleda's wages did not vary regardless of how many additional hours she worked in a week.

67. For example, Defendants required Plaintiff Arboleda to work an additional 30 minutes to an hour past her scheduled departure time, at least five days a week, without paying her

11

any additional compensation. In fact, her pay stubs showed only forty hours weekly, when in reality, she worked over 40 hours per week.

68. Defendants did not provide Plaintiff Arboleda with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

69. From approximately January 2012 until on or about December 2013, Plaintiff Arboleda was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected her actual hours worked.

70. Defendants never provided Plaintiff Arboleda with a written notice, in English and in Spanish (Plaintiff Arboleda's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

71. Defendants regularly required Plaintiff Arboleda to work in excess of forty (40) hours per week without paying her the required overtime wages and spread of hours' compensation.

72. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Arboleda (and all similarly situated employees) to work in excess of forty (40) hours per week without paying her overtime and/or spread of hours compensation, as required by federal and state laws.

73. Defendants habitually required their employees, including Plaintiff Arboleda, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

74. Defendants' pay practices resulted in Defendants' salespeople, including Plaintiff Arboleda, not receiving payment for all their hours worked, resulting in their effective rate of pay falling below the required overtime wage rate and spread of hours compensation.

75. Plaintiff Arboleda was paid her wages entirely by checks that falsely showed she had only worked 40 hours each week.

76. Defendants willfully disregarded and purposefully evaded accurate record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

77. By employing these practices, Defendants avoided paying Plaintiff Arboleda the overtime compensation and spread of hours pay of time and a half for all of her hours worked in excess of forty (40) hours per week.

78. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Arboleda (and similarly situated individuals) worked, and to avoid paying Plaintiff Arboleda properly for (1) her full hours worked, (2) overtime compensation, and (3) her spread of hours pay.

79. Defendants failed to provide Plaintiff Arboleda and other employees with accurate wage statements, containing: the correct dates of work covered by that payment of wages; overtime rate or rates of pay; the number of accurate regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80. Defendants failed to provide Plaintiff Arboleda and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

78. Plaintiff Arboleda brings her FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in her case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

79. At all relevant times, Plaintiff Arboleda and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and /or willfully failing to keep records required by the FLSA.

80. The claims of Plaintiff Arboleda stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

81. Plaintiff Arboleda repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff Arboleda's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Arboleda

14

(and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

83. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

84. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

85. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Arboleda (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

86. Defendants' failure to pay Plaintiff Arboleda (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87. Plaintiff Arboleda (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

88. Plaintiff Arboleda repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Arboleda (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

90. Defendants' failure to pay Plaintiff Arboleda (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff Arboleda (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

92. Plaintiff Arboleda repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to pay Plaintiff Arboleda one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Arboleda's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

94. Defendants' failure to pay Plaintiff Arboleda an additional hour's pay for each day Plaintiff Arboleda's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

95. Plaintiff Arboleda was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

96. Plaintiff Arboleda repeats and realleges all paragraphs above as though fully set forth herein.

97. Defendants failed to provide Plaintiff Arboleda with an accurate written notice, in English and in Spanish (Plaintiff Arboleda's primary language), of her correct rate of pay, regular pay day, and such other information as required by NYLL §195(1).

98. Defendants are liable to Plaintiff Arboleda in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS

16

OF THE NEW YORK LABOR LAW

99. Plaintiff Arboleda repeats and realleges all paragraphs above as though set forth fully herein.

100. Defendants did not provide Plaintiff Arboleda with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

101. Defendants are liable to Plaintiff Arboleda in the amount of $5,000, together with costs and attorneys' fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Arboleda respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage and spread of hours provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Arboleda and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Arboleda's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Arboleda and the FLSA class members;

(e)     Awarding Plaintiff Arboleda and the FLSA class members damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)     Awarding Plaintiff Arboleda and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Arboleda and the members of the FLSA Class;

(h)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Arboleda's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Arboleda's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Arboleda and the FLSA Class members;

(k)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Arboleda and the members of the FLSA Class;

(l)     Awarding Plaintiff Arboleda and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(m)     Awarding Plaintiff Arboleda damages for Defendants' violation of the NYLL

18

notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)   Awarding Plaintiff Arboleda and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(o)   Awarding Plaintiff Arboleda and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)   Awarding Plaintiff Arboleda and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)   All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Arboleda demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
    June 23rd, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

    /s/ Michael Faillace
By:   Michael A. Faillace [MF-8436]
    60 East 42nd Street, Suite 4510
    New York, New York 10165
    (212) 317-1200
    *Attorneys for Plaintiff*