

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

B. AUBREY SMITH
Associate
212-294-6700
BASmith@winston.com

February 6, 2018

Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

Re:   Arboleda v. Trans-Fast Remittance, LLC et al., 1:17-cv-04772-SN

Dear Judge Netburn:

Pursuant to Federal Rule of Civil Procedure 41(a)(2) and this Court's November 27, 2017 Order, plaintiff Jacqueline Arboleda ("Arboleda") and defendants Trans-Fast Remittance LLC ("Trans-Fast"), Samish Kumar, Patricia Bennis and Therese Gamboa (collectively, "Defendants"), each by their undersigned counsel, seek the Court's approval of the attached settlement agreement (the "Settlement Agreement"). Pending the Court's approval of the Settlement Agreement, the parties will submit a stipulation of dismissal of the above-referenced action (the "Action") with prejudice and without costs to any party.

1. **Background**

On or about June 23, 2017, Arboleda filed a complaint with the Court (the "Complaint") styled *Jacqueline Arboleda v. Trans-Fast Remittance LLC*, *et al.*, No. 17-CV-4772 (RMB), alleging violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL").[1] Defendants filed their Answer on August 21, 2017.

Following these pleadings, the parties engaged in written discovery, including the exchange of initial disclosures and responses to interrogatories and requests for production. Pursuant to her Initial Disclosures, Arboleda sought $274,544 in compensation for unpaid wages, including overtime compensation, and spread of hours pay. In light of relevant case law and the information gathered during discovery, Defendants determined that Arboleda was likely exempt from the overtime provisions of the FLSA and NYLL under both the Administrative and Executive exemption provisions in her role as a Sales Supervisor. Further, Defendants determined that Arboleda had received all compensation due, and was not entitled to spread of hours pay under the NYLL.

On September 11, 2017, the Court conducted a conference with counsel for the parties. During the conference, counsel for the parties described the status of discovery in the Action. Counsel for Defendants

---

[1] In addition to Defendants, the Complaint also named several corporate entities and individuals as defendants. As detailed below, those corporate entities and individuals have previously been dismissed from the Action.



also raised that GCP (JPM) Investments LLC, GCP Capital Partners Holdings LLC, GCP Capital Partners LLC, Joseph Tumbarello and Robert Niehaus (the "Former Defendants") should be dismissed from the Action as they were not involved in the allegations in the Complaint, and counsel for Arboleda stated that Arboleda would not oppose such dismissal. Following the Conference, the Court dismissed the Former Defendants without prejudice. [Dkt. 51].

Defendants engaged in settlement discussions with counsel for Arboleda to potentially avoid the time and expense as well as risks of additional litigation. After counsel conferred on several occasions regarding the basis of Arboleda's claims and Defendants' defenses, the parties were able to reach a settlement in principle in November 2017. Thereafter, on November 21, 2017, the parties filed a Notice of Settlement with the Court [Dkt. 52] as well as their Consent to Jurisdiction by a U.S. Magistrate Judge. [Dkt. 54]. The parties have now finalized the terms of their settlement in the attached Settlement Agreement.

In light of the discovery completed to date as well as the parties' ongoing disagreement regarding Arboleda's exempt status and entitlement to spread of hours pay under the NYLL, the parties hereby request an Order approving the attached Settlement Agreement in the Action. Thank you for your attention to this matter.

2. **Settlement Terms**

Arboleda alleges she is entitled to back wages of approximately $113,496. The parties have agreed to settle this action for the total sum of $50,000. The settlement will be paid in one installment.

A copy of Arboleda's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes that went to the heart of Arboleda's claims. As discussed, the parties had a strong disagreement regarding whether Arboleda was exempt from both the FLSA and NYLL. Considering the risks involved in this case, Arboleda believes that this settlement is an excellent result, and should be approved as fair.



February 6, 2018
Page 3

### 3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with her, Arboleda's counsel will receive $16,666 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Arboleda's retainer agreement, which provides that forty percent of her recovery will be retained by the firm.

The amount provided to Arboleda's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Arboleda's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has agreed to the fee provided for in the settlement.

Given Arboleda's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, her counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

   a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

   b. Jesse Barton is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael



February 6, 2018<br>Page 4

Faillace & Associates, P.C in January 2015, and was named a Rising Star by the Super Lawyers organization in 2016 and 2017.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

Jesse S. Barton
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
jbarton@faillacelaw.com

Attorneys for Plaintiff

B. Aubrey Smith
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
BASmith@winston.com

Attorneys for Defendants